637 So.2d 1237 (1994)
STATE of Louisiana
v.
Pedro ZAYAS, Tanya Hill, and Carolyn Jefferson.
No. 93-KA-1473.
Court of Appeal of Louisiana, Fourth Circuit.
May 26, 1994.
*1238 Harry F. Connick, Dist. Atty., Karen E. Godail, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Defendants Hill and Jefferson, were convicted of possession of more than 28 grams, but less than 200 grams, of cocaine. Zayas was convicted of two counts of attempted possession of cocaine. Hill was sentenced to five years and Jefferson, to eight years. Zayas was sentenced under the Habitual Offender Law to five years on each count to run consecutively.
Police officers received a tip from a confidential informant of drug trafficking from 3239 Orleans Avenue. According to the C.I. one Pedro would be accompanied by a woman who would be the one to actually pick up the cocaine which was to be delivered by Pedro to Armando Telias or Tellez, a known cocaine distributor. Based upon this information the police placed 3239 Orleans under surveillance.
On November 1, 1990, they observed Telias drive up to the address and a female exit his vehicle and enter the house. Telias drove off. A few minutes later a vehicle stopped on the side street next to 3239 Orleans. The driver, defendant Hill, got out and went into the house, while the passenger, Pedro Zayas, waited in the car. Hill came out in a minute or so, reentered the car, and drove away. The police recognized the vehicle as the same as the one they had seen earlier at the residence of Zayas on St. Ann Street. They stopped the vehicle, arrested the occupants, and found plastic bags containing cocaine in Hill's underpants.
On November 7 the police again heard from the C.I. with the report that Zayas would again be picking up cocaine for Telias from 3239 Orleans. They saw Zayas come out of the house and walk along Orleans. A few minutes later they saw Jefferson come out and walk over to the next street, St. Ann, where she walked in the same direction as Zayas was going on Orleans. The two arrived at a common destination, Broad Street and Orleans Avenue where they talked and entered a convenience store at that corner. After Jefferson purchased some chips, the two came out and walked on Orleans when the police stopped them. They asked Zayas what he was doing and he said he was coming from his house for a walk. He denied knowing Jefferson and said he had never seen her before. After arresting the two, the police looked inside the bag of chips Jefferson had and found a bag of cocaine.
By their first assignment of error, Zayas and Jefferson contend the trial court erred in denying their motion to suppress the cocaine found in Jefferson's bag of chips. Since this search was incident to an arrest the question is whether the police had probable cause for the arrest. State v. Raheem, 464 So.2d 293, 296 (La.1985). Probable cause to arrest without a warrant exists when the circumstances known to the officer justify a person of ordinary caution in believing the person to be arrested has committed a crime. Id.
In the present case, the police had information from the CI about Zayas, his operating procedure, and the address on Orleans which proved to be accurate only a week before when they arrested Zayas and Hill. Now they saw the same scenario take place out of this address this time played out by Zayas and Jefferson, combined with the two of them taking the separate routes to meet at a common destination a few blocks away and with Zayas lying to them about his activities and his knowledge of Jefferson when he was stopped with her. Any reasonable person would be compelled to believe these two were working together in the drug *1239 trade. Consequently the police had probable cause for their arrest and the search was lawful.
By the next two assignments of error, Zayas and Jefferson contend the evidence was insufficient to support the convictions. As to Zayas he argues the state failed to prove constructive possession of the cocaine seized from Hill and Jefferson. He says there is no evidence he touched the cocaine or paid for it. He asserts that evidence that he was in the company of Hill and Jefferson might give rise to suspicion but it was not sufficient to convict him.
While these arguments and assertions have some merit, a person found in the area of contraband may be considered to have constructive possession if the contraband is subject to his dominion and control; and if he is in joint possession of a drug which is in the physical possession of his companion he may share with the other the right to control the drug. State v. Chambers, 563 So.2d 579, 581 (La.App. 4th Cir.1990). Guilty knowledge is the essential element and the determination of whether there is possession sufficient to convict depends on the facts peculiar to the case. Id.
In the present case the facts and circumstances considered in the light most favorable to the prosecution are more than sufficient to convince a rational trier of fact that Zayas attempted to possess these drugs held by Hill and Jefferson and that the evidence excluded any reasonable hypothesis of his innocence.
As to Jefferson when the cocaine was finally weighed at the laboratory there were just 27.9 grams of cocaine in the bag found in her potato chips. She contends that she was wrongfully convicted of possessing at least 28 grams. Considering the evidence in the light most favorable to the prosecution a rational trier of fact could conclude beyond a reasonable doubt that at least .1 of a gram was used up in field testing and was clinging to the bag so that when added to the 27.9 grams she was in possession of at least 28 grams.
The last assignment assails the Habitual Offender sentencing of Zayas because of the state's failure to exclude the five year cleansing period of the prior conviction. The state concedes this point so that the adjudication of Zayas as a second offender must be vacated and the case remanded for further proceedings.
Accordingly, the convictions and sentences of defendants Hill and Jefferson are affirmed. The conviction of Zayas is affirmed, but his sentences under the Habitual Offender Law are vacated and his case is remanded to the trial court for further proceedings.
ALL CONVICTIONS AND SENTENCES AFFIRMED; EXCEPT THE SENTENCE OF ZAYAS WHICH IS VACATED; HIS CASE IS REMANDED.