682 So.2d 338 (1996)
STATE of Louisiana
v.
Terrance SHELTON.
No. 96-K-2322.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1996.
Rehearing Denied November 22, 1996.
Harry F. Connick, District Attorney, David Groome, Assistant District Attorney, Brian M. Fish, Law Clerk, New Orleans, for Relator.
Arcenious F. Armond, Jr., Gretna, for Respondent.
Before SCHOTT, C.J., and KLEES and BYRNES, JJ.
SCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of the judgment of the trial court granting defendant's motion to suppress evidence seized on his person by the police. We reverse.
*339 The hearing on the motion to suppress was held on July 17, 1996. At its conclusion the trial court denied the motion. However, the court granted defendant's motion to reconsider the judgment and on September 27, 1996, granted the motion to suppress.
The police officer testified that he with three other police officers went to the 2600 block of Congress Street on an unrelated matter on April 12 at 11:15 A.M. When they arrived there in an unmarked car, they observed two individuals conducting hand transactions which they believed to be drugs because this was known by the police to be a location frequently known to have drug activities. One of the subjects, the defendant, was in possession of a clear plastic bag which he placed in his front shirt pocket upon sighting the officers. The officers were just twenty-five feet from the defendant when they made these observations. They exited the vehicle and approached the defendant and the other individual. The officer testified that he did a pat down search of the defendant for weapons for safety reasons and that when he approached the men he believed that he had witnessed a felony. During the pat down search he removed the packet from defendant's shirt which proved to contain thirty-one small yellow plastic bags containing white powder which he believed to be cocaine.
At the conclusion of the hearing the trial judge had this to say:
But how could the officer act in that situation where he suspects a crime just happened? He's viewing a set of circumstances he suspects a crime has happened. What should the officer do? Should he call me for a warrant? What should he do? I don't understand what else the officer can do. He observed what he believed to be a crime, what he believes is a crime and stops the individuals he believes are participating in that crime and then in essence he goes to the place where he believes the evidence of the criminality is going to be located. Now, I don't know what else he can do.
At this point the trial court was absolutely correct in denying defendant's motion to suppress. Unfortunately, the trial court erred in reversing itself.
Since the officer believed he witnessed the crime of selling narcotics, he was authorized to arrest the defendant without a warrant. C.Cr.P. art. 213. A search of the defendant's person pursuant to the arrest is lawful without a warrant. Defendant argues that the officers had no probable cause to arrest the defendant, but this argument ignores the fact that the officers witnessed what they believed to be a drug transaction, a crime being committed in their presence.
As the trial judge pointed out just after hearing the testimony, it would be ridiculous to suppress this evidence where the officers having witnessed the defendant selling drugs and placing his supply of drugs in his pocket immediately arrest him and take the drugs out of his pocket.
Accordingly, the judgment of the trial court is reversed, the motion to suppress is denied, and the case is remanded to the trial court for further proceedings. We recall our stay order.
REVERSED AND REMANDED.