| .WILLIAM H. BYRNES, III, Judge.
The State of Louisiana requests a review of the trial court’s ruling that granted the defendant, James Lawrence’s motion to suppress the evidence. We reverse and remand.
At issue is whether the officers seized the drugs without a prior unlawful intrusion into Lawrence’s right to be free from governmental interference. The question is whether the officers had probable cause to arrest, or reasonable suspicion for an investigatory stop, and whether lawfully Detective Murray asked Lawrence to raise his shirt. When Lawrence complied, the officers saw the plastic bag containing white powder, and the police seized the evidence.

Standard of Review

The appellate court reviews the district court’s findings of fact on a motion to suppress under a clearly erroneous standard, and will review the district court’s ultimate determination of Fourth Amendment reasonableness de novo. U.S. v. Seals, 987 F.2d 1102 (5 Cir.1993), cert. *1220 denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo. United States v. O’Keefe, 128 F.3d 885 (5 Cir.1997), cert. denied, 523 U.S. 1078, 118 S.Ct. 1525, 140 L.Ed.2d 676 (1998). An appellate court reviews the district court’s determinations of reasonable suspicion and probable cause de novo. U.S. v. Green, 111 F.3d 515 (7 Cir.1997), cert. denied sub nom. Green v. U.S., 522 U.S. 973, 118 S.Ct. 427, 139 L.Ed.2d 328 (1997). Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. Maryland Cas. Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1 Cir.1993), writ denied 629 So.2d 1138 (La.1993).

Probable Cause to Arrest

La.C.Cr.P. art. 213 provides in pertinent part:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or in close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;
[[Image here]]
It is not a prerequisite for the existence of probable cause to make an arrest that the police officers know at the time of the arrest that the particular crime has definitely been committed; it is sufficient that it is reasonably probable that the crime has been committed under the totality of the known circumstances. State v. Gates, 24,995 (La.App. 2 Cir. 1/19/94), 630 So.2d 1345, writ denied sub nom. Gates v. Jones, 94-0640 (La.6/17/94), 638 So.2d 1091. An arresting officer need only have a reasonable basis for believing that his information and conclusions are correct. Rodriguez v. Deen, 33,308 (La.App. 2 Cir. 5/10/00), 759 So.2d 1032, writ denied, 2000-1414 (La.6/23/00), 765 So.2d 1049. For an arrest, the law does not |srequire that “reasonable cause to believe” be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person’s guilt. La.C.Cr.P. art. 213; State v. Weinberg, 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. Id.
Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d 1147 (La.App. 1 Cir.1992), writ denied, 604 So.2d 1317 (La.1992). The. reputation of the area is an articulable fact upon which a police officer may legitimately rely. Id. The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or near a preponderance standard demands. State v. Green, 98-1021 (La.App. 4 Cir. 12/22/99), 750 So.2d 343, writ denied, 96-2610 (La.6/20/97), 695 So.2d 1348. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. Deference should be given to *1221 the experience of the police who were present at the time of the incident. Id. The fundamental philosophy behind the probable cause requirement of the Fourth Amendment is that common rumor or report is not an adequate basis for the arrest of a person. State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179. Police are not required to arrest an individual at the point at which probable cause for arrest arises. State v. Coleman, 412 So.2d 532 (La.1982).
|4In State v. Wartberg, 586 So.2d 627 (La.App. 4 Cir.1991), this court noted that any person who is suspected of dealing drugs is probably armed with a weapon and officers need not refer to specific particular facts concerning the danger to their safety.
In State v. Page, 95-2401, p. 10, (La.App. 4 Cir. 8/21/96), 680 So.2d 700, 709, writ denied 96-2352 (La.2/21/97), 688 So.2d 522 this Court discussed the warrantless entry into a protected area:
There is justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320, 1326 (La.1979), cert. denied, Rudolph v. Louisiana, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Exigent circumstances are exceptional circumstances which, when coupled with probable cause, justify an entry into a “protected” area that, without those exceptional circumstances, would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence. State v. Hathaway, 411 So.2d 1074, 1079 (La.1982). [Emphasis added.]
In the present. case, considering that Lawrence was in an area in the bar where other people were present, exigent circumstances existed.
In State v. Zayas, 93-1473 (La.App. 4 Cir. 5/26/94), 637 So.2d 1237, the police officer had probable cause to arrest the defendant and codefendant charged with possession of cocaine. The search of the co-defendant’s bag of potato chips was lawful, where the police had information for a confidential informant about the defendant, his operating procedure, and address where drug trafficking had occurred a week earlier, and where the defendant and co-defendant appeared to be carrying out a drug transaction similar to the transaction observed a week before the arrest.
|5In State v. Shelton, 96-2322 (La.App. 4 Cir. 10/30/96), 682 So.2d 338, the police officers who observed the defendant and another individual conduct hand transactions in an area known for frequent drug activity and observed the defendant place a clear plastic bag in his front shirt pocket when he saw the officer, had probable cause to make a warrantless arrest of the defendant and search the defendant pursuant to the arrest. U.S.C. Const.Amend. 4; La.C.Cr.P. art. 213.
In State v. Davis, 612 So.2d 1052 (La.App. 4 Cir.1993), an officer who was in an area known for drug trafficking, saw a defendant showing a matchbox to another person. The officer had probable cause to arrest the defendant where the officer knew that matchboxes are commonly used to carry cocaine.
In the present case, Detective Wayne Jacque testified that on May 10, 2001,[1] the officers received a tip from the confidential informant that drug transactions were tak *1222 ing place at the Voodoo Bar. The confidential informant was known to the officers, and his past information led to arrests and convictions. On the date the officers received the tip, the officers set up a surveillance in and outside of the Voodoo Bar. Based on their experience, the officers had justifiable reason to believe that Lawrence was involved in drug activity because some of the officers saw Lawrence engaged in two different transactions with two other individuals. Outside the bar, Detective Murray saw Lawrence converse with an individual and then hand that person a small object. Inside the bar, Detective Lemoine saw Lawrence converse with another individual and then hand that person a clear plastic bag with a white powdered substance. Under the totality of circumstances, | sit was reasonable for the officers to believe that Lawrence had committed a felony when they observed Lawrence conducting two hand-to-hand drug transactions. Lawrence was advised of his Miranda rights. Pursuant to La.C.Cr.P. art. 213, the officers had probable cause to arrest Lawrence when they asked him to raise his shirt for their protection. Once Lawrence could be lawfully arrested, the police could search the pouch he was wearing pursuant to that arrest. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Wilson, 467 So.2d 503 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246, rehearing denied, 474 U.S. 1027, 106 S.Ct. 585, 88 L.Ed.2d 567 (1985); State v. Tasby, 26,103 (La.App. 2 Cir. 6/24/94), 639 So.2d 469, writ denied 94-2256 (La.1/13/95), 648 So.2d 1336.
In the present case, inevitably the police would have found the plastic bag of contraband in a lawful search pursuant to the lawful arrest. The officers inevitably would have discovered the evidence on lawful grounds. See State v. Ballon, 97-2036 (La.App. 4 Cir. 11/12/97), 703 So.2d 130, writ not considered, 97-3114 (La.2/13/98), 706 So.2d 987. As this Court stated in State v. Knapper, 626 So.2d 395, 396 (La.App. 4 Cir.1993), writ denied, 93-2950 (La.1/28/94), 630 So.2d 798:
In Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court adopted the “inevitable discovery” doctrine, holding that evidence found as a result of a violation of a defendant’s constitutional rights, would be admissible “[I]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered.” The so-called “inevitable discovery doctrine” has been followed by Louisiana courts. State v. Nelson, 459 So.2d 510 (La.1984), cert. den., Nelson v. Louisiana, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 322 (1985); State v. Clark, 499 So.2d 332 (La.App. 4 Cir.1986).

Reasonable Suspicion for an Investigatory Stop

|7Based on the conclusion that the officers had probable cause to arrest Lawrence, under the circumstances of this ease, the officers also had reasonable suspicion for an investigatory stop.
La.C.Cr.P. art. 215.1A provides:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
Reasonable suspicion for an investigatory stop is something less than probable cause. It must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual’s right to be free from governmental interference. State v. Albert, 553 So.2d *1223 967 (La.App. 4 Cir.1989). Police need only-some minimal level of objective justification for reasonable grounds for an investigatory stop. State v. Washington, 2000-1936 (La.12/15/00), 775 So.2d 1066, citing State v. Katie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881.
In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy that the search and seizure entails. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir.1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La.1993); State v. Washington, 621 So.2d 114 (La.App. 2 Cir.1993), writ denied, 626 So.2d 1177 (La.1993). The intrusiveness of a search is not measured so much by scope as it is by whether it invades an expectation of privacy that society is prepared to recognize as reasonable. Twenty-Three Thousand Eight Hundred Eleven and No/100 ($23,-811) Dollars in U.S. Currency v. Kowalski, 810 F.Supp. 738 (W.D.La.1993).
|rA reviewing court must take into account the “totality of the circumstances — whole picture,” giving deference to the inferences and deductions of a trained police officer “that might well elude an untrained person.” United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); State v. Huntley, 97-096 (La.3/13/98), 708 So.2d 1048. Citing Cortez, the Louisiana Supreme Court further noted that: “The court must also weight the circumstances known to the police not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.” Huntley, supra, 708 So.2d at 1049.
Generally, an actual stop occurs when an individual submits to a police show of authority or is physically contacted by the police. An investigatory stop, requiring only a reasonable suspicion, is as complete a restriction on the liberty of movement as an arrest; a stopping for investigation is not lesser intrusive because the restriction of movement is incomplete, but rather because it is briefer than an arrest. State v. Vincelli, 555 So.2d 21 (La.App. 1 Cir.1989); State v. Walker, 530 So.2d 1200 (La.App. 2 Cir.1988), writ denied 532 So.2d 763 (La.1988); State v. Senegal, 95-796 (La.App. 3 Cir. 12/6/95), 664 So.2d 832.
The officer need not be absolutely certain that the person is armed, but the facts must justify a belief that the officer’s safety or that of others is in danger. State v. Williams, 98-3059, p. 4 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. The question is not whether the police officer subjectively believes he is in danger, or whether he articulates that subjective belief in his testimony, but whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger — an objective test. State v. Dumas, 2000-0862, pp. 2-3 (La.5/4/01), 786 So.2d 80, 81-82. In State v. Jones, 769 So.2d 28, 39, this court recognized a drug trade-weapons connection, stating:
|9... [I]n many instances, suspicion of drug dealing itself is an articulable fact that may support a frisk pursuant to La.C.Cr.P. art. 215(B). State v. Forter, 99-0244 (La.App. 4 Cir. 1/26/00), 756 So.2d 455 (“We can take notice that drug traffickers and users have a violent lifestyle, which is exhibited by the criminal element who are generally armed due to the nature of their illicit business. Therefore, a police officer should be permitted to frisk a suspect following an investigatory stop [based on reasonable suspicion] relating to drug activities.”), 99-0244 at p. 7, 756 So.2d at 460, quoting State v. Curtis, 96-1408, pp. 9-10 (La.App. 4 Cir. 10/2/96), 681 So.2d 1287, 1292. See also State v. Williams, 98- *1224 3059 (La.App. 4 Cir. 3/3/99), 729 So.2d 142 (officer’s testimony that he frisked a defendant suspected of drug activity to look for weapons for his own safety was sufficient to validate a frisk pursuant to La.C.Cr.P. art. 215(B)). (footnote omitted).
In the present case, considering that exigent circumstances existed, and considering that drugs were involved, where Lawrence could have pulled a gun and someone else could have been hurt, it was reasonable for the officer to make the request for Lawrence to raise his shirt. Just as asking a defendant to raise his hands, put his hands on an automobile or stand with his raised hands against a wall, before a pat-down or full search, asking Lawrence to raise his shirt was reasonable for the protection of the officers and the other individuals in the bar. As a request or an order, the police officer’s remark was justified under the circumstances. Drug activity is per se dangerous. Pursuant to a balancing test, the safety and protection of the officers and the other individuals in the bar, that provided the need to search and seize, outweighs the need to find an invasion of the scope of the defendant’s expectation of privacy under the totality of circumstances. The scope of the defendant’s expectation of privacy should not restrict the officer’s request for the defendant to raise his shirt where the police and the public’s safety is of paramount importance under the totality of the circumstances. Public policy Imshould recognize that the officer’s request for the defendant to raise his shirt is reasonable and justified for the protection of the police and other individuals when drug activity is involved. When the officers saw the clear plastic bag containing powder under Lawrence’s shirt, they lawfully seized it.
Accordingly, the State’s writ application is granted, the trial court’s ruling is reversed, and Lawrence’s motion to suppress the evidence is denied.
REVERSED; REVERSED & REMANDED

. Although Detective Jacque testified that the incident occurred on May 10, 2001, the Bill of Information refers to the date as May 1, 2001.