| JAMES F. MCKAY III, Judge.

STATEMENT OF CASE

On August 15, 2001, the defendant, Anthony Sylvester, was charged by bill of information with possession of heroin in violation of La. R.S. 40:966. The defendant pled not guilty at his arraignment on August 23, 2001. A preliminary and suppression hearing was held on October 5, 2001. The trial court found probable cause and denied the defendant’s motion to suppress evidence. On October 18, 2001, the defendant elected a bench trial. The trial court found the defendant guilty of attempted possession of heroin. On the same day, the State filed a multiple bill alleging the defendant to be a second felony offender. The defendant pled guilty to the multiple bill. The defendant waived all legal delays. The trial court then sentenced the defendant, under the multiple bill, to thirty months at hard labor.

STATEMENT OF FACT

New Orleans Police Officers Louis and Williams were patrolling the area of the Melpomene Housing Development at approximately 10:30 a.m. on August 9, 2001, when they observed the defendant and an unknown black male involved in what appeared to be a hand-to-hand narcotics transaction. The officers observed |?the defendant hand the unknown subject currency. The subject then displayed an object in his left hand. The defendant took the object and placed it in his cap, which he put on his head. The subject then noticed the officers and ran into the housing development. The defendant turned and started to walk across Martin Luther King Boulevard. Officer Williams exited the police vehicle and ran after the unknown subject. Officer Louis monitored the defendant’s actions. The defendant entered a store on the corner of Freret Street and Martin Luther King Boulevard. Officer Williams returned after his unsuccessful attempt to apprehend the subject. Officer Louis and Officer Williams walked over to the store and were about to enter the store when the defendant walked out. Officer Louis advised the defendant of his rights and conducted a pat down frisk. The officer removed the defendant’s cap *1168 and two foil packets fell out of the cap. After completing the frisk, Officer Louis retrieved the two packets and found that they contained heroin.
The parties stipulated at trial that the substances in the two packets testified positive for heroin.

ERRORS PATENT

A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1

In his sole assignment of error, the defendant contends that the trial court erred in denying his motion to suppress evidence. The defendant argues that the officer’s removal of his cap exceeded the scope of a Terry frisk. We disagree with defendant’s contention that this is a Terry frisk and find that the issue is one of probable cause to arrest.
[¿¡Standard of Review of a Motion to Suppress
The appellate court reviews the district court’s findings of fact on a motion to suppress under a clearly erroneous standard, and will review the district court’s ultimate determination of Fourth Amendment reasonableness de novo. U.S. v. Seals, 987 F.2d 1102 (5 Cir.1993), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo. United States v. O’Keefe, 128 F.3d 885 (5 Cir.1997), cert. denied, 523 U.S. 1078, 118 S.Ct. 1525, 140 L.Ed.2d 676 (1998). An appellate court reviews the district court’s determinations of reasonable suspicion and probable cause de novo. U.S. v. Green, 111 F.3d 515 (7 Cir.1997), cert. denied sub nom. Green v. U.S., 522 U.S. 973, 118 S.Ct. 427, 139 L.Ed.2d 328 (1997). Where the facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts. Maryland Cas. Co. v. Dixie Ins. Co., 622 So.2d 698 (La.App. 1 Cir.1993), writ denied 629 So.2d 1138 (La.1993). In reviewing a trial court’s ruling on a motion to suppress, an appellate court is not limited to evidence from the motion hearing. It may also consider the evidence presented at trial. State v. Nogess, 98-0670, p. 1 (La.App. 4 Cir. 3/3/99), 729 So.2d 132, 137.
Probable Cause to Arrest
La.C.Cr.P. art. 213 provides in pertinent part:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or in close pursuit;
|4(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;
[[Image here]]
It is not a prerequisite for the existence of probable cause to make an arrest that the police officers know at the time of the arrest that the particular crime has definitely been committed; it is sufficient that it is reasonably probable that the crime has been committed under the totality of the known circumstances. State v. Gates, 24,995 (La.App. 2 Cir. 1/19/94), 630 So.2d 1345, writ denied sub nom. Gates v. Jones, 94-0640 (La.6/17/94), 638 So.2d 1091. An arresting officer need only have a reasonable basis for believing that his information and conclusions are correct. Rodriguez v. Deen, 33,308 (La.App. *1169 2 Cir. 5/10/00), 759 So.2d 1032, writ denied, 2000-1414 (La.6/23/00), 765 So.2d 1049. For an arrest, the law does not require that “reasonable cause to believe” be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person’s guilt. La.C.Cr.P. art. 213; State v. Weinberg, 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. Id.
Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d 1147 (La.App. 1 Cir.1992), unit denied, 604 So.2d 1317 (La.1992). The reputation of the area is an articulable fact upon which a police officer may legitimately rely. Id. |fiThe determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or a preponderance standard demands. State v. Green, 98-1021 (La.App. 4 Cir. 12/22/99), 750 So.2d 343, writ denied, 96-2610 (La.6/20/97), 695 So.2d 1348. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. Deference should be given to the experience of the police who were present at the time of the incident. Id. The fundamental philosophy behind the probable cause requirement of the Fourth Amendment is that common rumor or report is not an adequate basis for the arrest of a person. State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179. Police are not required to arrest an individual at the point at which probable cause for arrest arises. State v. Coleman, 412 So.2d 532 (La.1982).
In State v. Zayas, 93-1473 (La.App. 4 Cir. 5/26/94), 637 So.2d 1237, the police officer had probable cause to arrest the defendant and co-defendant charged with possession of cocaine. The search of the co-defendant’s bag of potato chips was lawful, where the police had information from a confidential informant about the defendant, his operating procedure, and address where drug trafficking had occurred a week earlier, and where the defendant and co-defendant appeared to be carrying out a drug transaction similar to the transaction observed a week before the arrest.
In State v. Shelton, 96-2322 (La.App. 4 Cir. 10/30/96); 682 So.2d 338, the police officers who observed the defendant and another individual conduct hand transactions in an area known for frequent drug activity and observed the defendant place a clear plastic bag in his front shirt pocket when he saw the officer, had probable cause to make a warrantless arrest of the defendant and | ^search the defendant pursuant to the arrest. U.S.C. Const.Amend. 4; La.C.Cr.P. art. 213.
In State v. Davis, 612 So.2d 1052 (La.App. 4 Cir.1993), an officer who was in an area known for drug trafficking, saw a defendant showing a matchbox to another person. The officer had probable cause to arrest the defendant where the officer knew that matchboxes are commonly used to carry cocaine.
The defendant in the present case does not argue that the police officers did not have reasonable cause to stop him. He contends that the officer exceeded the scope of a Terry frisk for weapons when the officer told him to remove his cap. This Court considered the identical issue in State v. Isidore, 2000-2781, (La.App. 4 Cir. 5/23/2001), 789 So.2d 79, 84-86, writ *1170 denied, 2001-1728 (La.6/7/2002), 817 So.2d 1145.
Defendant’s reliance upon State v. Isidore is misguided. In Isidore, the defendant was being investigated for the theft of a handgun. After Isidore was stopped, the officers shook out the defendant’s hat during a weapons frisk and discovered narcotics. In Isidore, there was no evidence that the officers witnessed the defendant place anything into or under his hat. Nor did the officers witness Isidore engage in a hand-to-hand transaction. Furthermore, Isidore did not flee. The facts of the case sub judice are distinguishable from Isi-dore. The officers in the instant matter observed the defendant engage in a narcotics transaction and observed the defendant place the object in his hat. The parties to the transaction then fled. Clearly, the officers had probable cause to believe the defendant had just purchased the narcotics and placed it in his hat, and were therefore justified in |7removing his hat. The trial court was correct when it denied the defendant’s motion to suppress the evidence.
For the above and foregoing reasons we affirm the ruling of the trial court.
AFFIRMED.