979 So.2d 487 (2008)
STATE of Louisiana
v.
Brent FEARHEILEY.
No. 2008-KK-0307.
Supreme Court of Louisiana.
April 18, 2008.
*488 PER CURIAM.
Granted. The order of the court of appeal is vacated, the decision of the trial court denying defendant's motion to suppress is reinstated, and this case is remanded for further proceedings.
While the police may not detain individuals on the basis of an "`inchoate and unparticularized suspicion or "hunch,"'" United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989)(quoting Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)), in determining whether reasonable suspicion exists to conduct an investigatory stop, i.e., whether the police possessed the requisite "minimal level of objective justification," INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984), courts must take into account the totality of the circumstances in a process that allows the police "`to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person."'" State v. Johnson, 01-2081, p. 3, 815 So.2d 809, 811 (quoting United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002))(internal quotation marks and citations omitted).
In the present case, the police officer observed the "independent, yet complementary and simultaneous actions by two parties," conducting an apparent hand-to-hand transaction, Black v. United States, 810 A.2d 410, 413 (D.C.2002), although the officer could not see what either person had in his or her hand. The apparent exchange lasted no more than 15 to 20 seconds inside one of two cars which had arrived separately in the parking lot of a Circle K store with no apparent purpose that evening other than facilitating the brief exchange before the parties, who appeared *489 to the officer to have no other connection to each other, went their separate ways. That the encounter had other possible innocent explanations, including the one offered by defendant after the stop that the unidentified female involved in the transaction had paid off a debt she owed him, did not require the police officer to turn a blind eye to the circumstances and ignore what two years of experience in narcotics investigations, encompassing 15 to 20 arrests, had taught him, that in the narcotics trade, "when it's done outside, it's done very fast from one hand to the next." See Arvizu, 534 U.S. at 274, 122 S.Ct. at 751 ("Although an officer's reliance on a mere `hunch' is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.") (citing Terry, 392 U.S. at 27, 88 S.Ct. at 1883 and Sokolow, 490 U.S. at 7, 109 S.Ct. at 1585).
Given the minimal objective and particularized justification for the ensuing detention of the defendant, the subsequent warrantless seizure of a plastic baggie filled with crystalline methamphetamine, plainly visible on the front passenger seat of the vehicle after defendant opened the car door, was lawful, whether rationalized as an incident of an arrest based on probable cause, Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004); State v. Melton, 412 So.2d 1065, 1068 (La.1982) ("Where there is probable cause but no formal arrest, a limited search to preserve evidence is justified."), or as part of a search conducted under the automobile exception to the warrant requirement which rests on the diminished expectations of privacy associated with vehicles and on their inherent mobility. Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996).