STATE OF LOUISIANA
v.
JOSHUA DAVID BURKETTE
No. 2008 KA 1930.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
DOUG MOREAU, District Attorney, JEANNE ROUGEAU, Assistant District Attorney, Attorneys for State-Appellee.
A. HAYS TOWN, III, Attorney for Defendant-Appellant, Joshua David Burkette.
Before: PARRO, McCLENDON, AND WELCH, JJ.
WELCH, J.
The defendant, Joshua David Burkette, was charged by bill of information with one count of possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A)(1), and initially pled not guilty. He moved to suppress all evidence, including statements, concerning the charged offense as obtained in violation of his state and federal constitutional rights. Following a hearing, the motion was denied. Thereafter, he pled guilty to one count of second-offense possession of marijuana, a violation of La. R.S. 40:966(C), and reserved his right to appeal the ruling on the motion to suppress. See State v. Crosby, 338 So.2d 584 (La. 1976). He was sentenced to three years at hard labor to run consecutively with any other sentence he was serving. He now appeals, designating the following two assignments of error:
1. The trial court erred in denying the motion to suppress tainted evidence obtained through an unwarranted search.
2. The trial court erred in denying the motion to suppress the statement obtained from the defendant because the State failed to meet its heavy burden to show that the statement, made without benefit of counsel, was voluntary, knowing, and intelligent.
For the following reasons, we affirm the conviction and sentence.

MOTION TO SUPPRESS EVIDENCE
In assignment of error number 1, the defendant argues the observations made by the police before they approached him were insufficient to warrant an intrusion into his life.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution protect persons against unreasonable searches and seizures. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. La. C.Cr.P. art. 703(A). A trial court's ruling on a motion to suppress the evidence is entitled to great weight, because the court had the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Jones, XXXX-XXXX, p. 4 (La. App. 1st Cir. 11/8/02), 835 So.2d 703, 706, writ denied, 2002-2989 (La. 4/21/03), 841 So.2d 791.
A three-tiered analysis governs the Fourth Amendment's application to interactions between citizens and police. At the first tier, mere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention. State v. Caples, 2005-2517, p. 10 (La. App. 1st Cir. 6/9/06), 938 So.2d 147, 154, writ denied, 2006-2466 (La. 4/27/07), 955 So.2d 684.
At the second tier, the investigatory stop recognized by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police officer may briefly seize a person if the officer has an objectively reasonable suspicion, supported by specific and articulable facts, that the person is, or is about to be, engaged in criminal conduct or is wanted for past criminal acts. Louisiana Code of Criminal Procedure article 215.1(A) provides that an officer's reasonable suspicion of crime allows a limited investigation of a person. However, reasonable suspicion is insufficient to justify custodial interrogation even though the interrogation is investigative. Caples, 2005-2517 at pp. 10-11, 938 So.2d at 154.
Lastly, at the third tier, a custodial "arrest," the officer must have "probable cause" to believe that the person has committed a crime. Louisiana Code of Criminal Procedure article 213(3) uses the phrase "reasonable cause."[1] The "probable cause" or "reasonable cause" needed to make a full custodial arrest requires more than the "reasonable suspicion" needed for a brief investigatory stop. Caples, 2005-2517 at p. 11, 938 So.2d at 154.
The Louisiana Supreme Court has recognized that in regard to brief investigatory stops, the level of suspicion required to justify the stop need only rise to the level of some minimal level of objective justification. In determining whether sufficient suspicion existed for the stop, a reviewing court must consider the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer that might well elude an untrained person, while also weighing the circumstances known to the police, not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. Caples, 2005-2517 at p. 11, 938 So.2d at 154-55.
Baton Rouge City Police Detective Shane Mouch testified at the hearing on the motion to suppress. He had worked in the narcotics division for approximately eight years. On July 31, 2007, at approximately 5:00 p.m., he was conducting surveillance at the Rite-Aid on Greenwell Springs Road in an unrelated case. Detective Mouch saw the defendant drive up in his vehicle and wait in the vehicle for twenty to thirty minutes. Then a pickup truck arrived at the location. The defendant exited his vehicle and entered the truck on its passenger side. Shortly thereafter, defendant emerged from the truck, carrying a plastic bag he had not had when he entered the truck. Based on his training and experience, Detective Mouch believed he had witnessed a drug transaction and instigated a stop of both the defendant's vehicle and the truck.
Detectives Mouch and Heinz approached the truck, which was being operated by Kedric Banks. Detective Mouch advised Banks of his Miranda[2] rights, which he stated that he understood. While the detectives were explaining why they had stopped Banks, they detected the odor of marijuana in the truck. Thereafter, they found a plastic bag in the center console of the truck. The bag contained approximately one and one-half pounds of marijuana wrapped in three packages.
Detectives Blacknell and Coleman approached the defendant and advised him of his Miranda rights, which he stated that he understood. The bag the defendant had obtained from the truck contained one-half pound of marijuana. The defendant stated he had purchased the marijuana from Banks after discussing the drug deal with him earlier that day at the place where they both worked. The defendant also stated that he had intended to keep some of the marijuana and to sell the rest.
There was no abuse of discretion in the denial of the motion to suppress the evidence seized. There was at least a minimal level of objective justification for the Terry stop. Deferring to the inferences and deductions of Detective Mouch, an eight-year veteran of the narcotics division, the stop was founded upon objectively reasonable suspicion supported by specific and articulable facts that the defendant was engaged in criminal conduct, i.e., a drug deal. See State v. Fearheiley, XXXX-XXXX, p. 2 (La. 4/18/08), 979 So.2d 487, 489 (per curiam) ("[t]hat the encounter had other possible innocent explanations ... did not require the police officer to turn a blind eye to the circumstances and ignore what ... years of experience in narcotics investigations ... had taught him").
This assignment of error is without merit.

MOTION TO SUPPRESS STATEMENT
In assignment of error number 2, the defendant argues the State failed to meet its heavy burden that the statement made by the defendant was voluntarily, knowingly, and intelligently made.
It is well settled that for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La. R.S. 15:451. Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. Caples, 2005-2517 at p. 8, 938 So.2d at 153.
The admissibility of a confession is, in the first instance, a question for the trial court; its conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession are accorded great weight and will not be overturned unless they are not supported by the evidence. Whether or not a showing of voluntariness has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case. The trial court must consider the totality of the circumstances in deciding whether or not a confession is admissible. Caples, 2005-2517 at p. 9, 938 So.2d at 153.
There was also no abuse of discretion in the denial of the motion to suppress statements. The statements at issue were made spontaneously, and not as a result of custodial interrogation. Further, the statements were made after the defendant was advised of his Miranda rights and indicated that he understood those rights. Moreover, Terry stops are not subject to the dictates of Miranda. See Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984).
This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The "reasonable cause" standard of La. C.Cr.P. art. 213(3) is equivalent to "probable cause" under the general federal constitutional standard. To read La. C.Cr.P, art. 213 as allowing an arrest on less than probable cause would put the Article afoul of the Fourth Amendment. Caples, 2005-2517 at p. 11 n.3, 938 So.2d at 154 n.3.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).