*1164
 
 PER CURIAM.
 
 [1]
 

 | granted. The trial court’s grant of defendant’s motion to suppress is reversed and this case is remanded for further proceedings.
 

 As a general matter, “[t]he determination of reasonable suspicion for an investigatory stop, or probable cause for an arrest, does not rest on the officer’s subjective beliefs or attitudes but turns on a completely objective evaluation of all of [the] circumstances known to the officer at the time of his challenged action.”
 
 State v. Katie,
 
 96-2650, p. 1 (La.9/19/97), 699 So.2d 879, 880 (citing
 
 Whren v. United States,
 
 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996);
 
 State v. Wilkens,
 
 364 So.2d 934, 937 (La.1978)). The determination of probable cause is also based on an assessment of the collective knowledge possessed by all of the police involved in the investigation even if some of the information is not 12communicated to the arresting or searching officers.
 
 State v. Landry,
 
 98-
 
 *1165
 
 0188, p. 5 (La.1/20/99), 729 So.2d 1019, 1022 (citations omitted).
 

 In the present case, the collective information possessed by the police included the initial observation by Detective Roccoforte of an apparent exchange conducted by defendant inside his vehicle with an unidentified female, who climbed into the car moments after it rolled to a stop, and after defendant retrieved a magnetic key box attached to the frame of the vehicle. The encounter lasted no more than a minute before the female got out of the car and defendant drove away after returning the magnetic box to vehicle’s undercarriage. Although the officer had seen only hand movements and not what was exchanged, Detective Roccofore concluded, on the basis of his 12 years of experience in narcotics, that he had observed a drug transaction because he had “conducted numerous narcotics investigations involving black boxes, magnetic boxes that are used to store-it’s a common practice of drug traffickers to use ‘em to avoid being caught or their narcotics being detected by the police.” The officer thereby acquired at the least the requisite minimal objective basis for an investigatory stop.
 
 State v. Fearheiley,
 
 08-0307, p. 2 (La.4/18/08), 979 So.2d 487, 489 (Police officer’s observation of apparent brief hand-to-hand transaction inside a vehicle gave rise to reasonable suspicion for an investigatory stop because he was not required “to turn a blind eye to the circumstances and ignore what two years of experience in narcotics investigations ... had taught him, that in the narcotics trade, ‘when it’s done outside, it’s done very fast and from one hand to the next.’ ”) (citation omitted);
 
 cf. State v. Johnson,
 
 01-2081, p. 3, 815 So.2d 809, 811 (Police may “draw on their own experience and specialized training to make inferences from and deductions | ¡¡about the cumulative information available to them that ‘might well elude an untrained person.’ ”)(quoting
 
 United States v. Arvizu,
 
 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2000))(internal quotation marks and citations omitted).
 

 Acting on the report of Detective Rocco-forte and the officer’s request to conduct an investigatory stop of the vehicle after he observed defendant pick up a passenger, Detective Hinrichs then approached defendant’s car where it had parked at the pumps of a gas station and observed defendant and his passenger, not pumping gas but sitting face to face in the vehicle as the passenger counted through a large wad of cash in his hand. After ordering the men out of the car, Detective Hinrichs reached under the vehicle at the driver’s side door and removed three magnetic key boxes. He opened them and discovered marijuana in one of the boxes, and over 30 papers of heroin in another box; the third was empty.
 

 Detective Hinrichs’s discovery of the magnetic key boxes attached to the underside frame of the vehicle did not constitute a search.
 
 See Cardwell v. Lewis,
 
 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974)(paint scrapings from exterior of an automobile not a search for Fourth Amendment purposes). At the moment the officer reached under the car and felt not one but three magnetic key boxes shortly after observing the occupants busy counting cash, and after he had received Detective Roccoforte’s report of the earlier exchange apparently involving one of the magnetic boxes, the totality of the circumstances known to the officers involved in the investigation gave rise to fair probability that the containers concealed contraband drugs,
 
 i.e.,
 
 to probable cause for a search of the vehicle as broad as one that a magistrate issuing a warrant could authorize. Pe
 
 nnsylvania v. Labron,
 
 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d
 
 *1166
 
 1031 (1996)(“Our first cases establishing the automobile exception to the Fourth Amendment’s warrant requirement were based on the automobile’s ‘ready mobility,’ an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear.”);
 
 California v. Acevedo,
 
 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991)(“The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.”).
 

 JOHNSON and JONES, JJ., would deny.
 

 [1]
 

 . Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tempore,
 
 participating in the decision.