PER CURIAM.[1]
|Granted. The ruling of the trial court granting the motion to suppress and finding no probable cause is reversed, and this case is remanded for further proceedings.
In determining whether reasonable suspicion exists to conduct an investigatory stop, courts must take into account the totality of the circumstances in a process that allows police to draw upon their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might elude an untrained person. State v. Fearheiley, 08-0307, p. 1 (La.4/18/08), 979 So.2d 487, 488. Here, the observations of the detective (defendant’s presence in the parking lot of a location known for drug transactions, repeatedly using her cell phone and looking about anxiously, driving to a location a block- and-a-half away, pulling up behind a parked vehicle, exiting her vehicle and entering the parked vehicle occupied by a lone male, and remaining in that vehicle for less than a minute before returning to her vehicle while the other vehicle immediately drove away) coupled with his ten years of experience as a narcotics officer, provided minimal objective and particularized justification for approaching the defendant in her parked [ {.vehicle.[2] Defendant’s reaction to that approach — panic and a furtive movement with her right hand in between the driver’s seat and console — together with the facts already known to the detective, supplied probable cause for the ensuing warrantless search under the automobile exception to the warrant requirement. See, State v. Carey, 03-0067 (La.App. 4 Cir. 5/7/03), 847 So.2d 680.
JOHNSON, J., dissents from the PER CURIAM and assigns reasons.

. Kimball, C.J., not participating in the decision.

. In making this observation, we do not mean to suggest that the objectively reasonable suspicion necessary for a Terry stop was required for the detective to approach the defendant in her parked vehicle. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "[M]ere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention.” State v. Fisher, 97-1133, pp. 4-5 (La.9/9/98), 720 So.2d 1179, 1183. We simply observe that based on the totality of facts and circumstances known to Detective Rocco-forte and his experience in the field of narcotics investigations, there was at least objectively reasonable suspicion of criminal activity when the approach to the car was made.