JOHNSON, J., dissents
from the PER CURIAM and assigns reasons.
hi would deny the State’s writ application because, in my view the defendant was subjected to an illegal investigatory stop by a New Orleans Police Officer. The defendant did not present any behavior suspicious of criminal activity to warrant an investigative stop under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).[1] The threshold issue to be determined in the instant case is whether the officer who conducted the investigatory stop had reasonable suspicion of criminal activity. La.C.Cr.P. art. 215.1(A) provides that “[a] law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.”
Citing State v. Fearheiley, 08-0307, at p. 1 (La.4/18/08), 979 So.2d 487, 488, the majority notes that when “determining whether reasonable suspicion exists to conduct an investigatory stop, courts must take into account the totality of the circumstances in a process that allows police to draw upon their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might elude an untrained person.” Absent from the per curiam’s analysis is the fact that the Fearheiley case, unlike the case at bar, Jjinvolved a police officer’s observation of suspicious activity, namely, two parties conducting an apparent hand-to-hand transaction. In the instant case, the detective did not observe any criminal activity. Here, the defendant was merely in the parking lot, of a fast food store, using her cell phone. She drove to another location a block and a half away and pulled up behind a parked vehicle. She then exited her vehicle and entered a parked vehicle which had one male occupant. She sat in the parked vehicle briefly before she returned to her vehicle. These facts, even in light of the officer’s ten years experience as a narcotics officer, and his claim that the area was known for drug activity, do not provide minimal objective and particularized justification for approaching the defendant in her parked vehicle, and conducting what amounted to an investigatory stop.
In a 115 page Report on an Investigation of the New Orleans Police Department, conducted by the United States Department of Justice, Civil Rights Division,[2] The Justice Department found that “the New Orleans Police Department engages in a pattern of stops, searches, and arrests that violate the Fourth Amendment. Detentions without reasonable suspicions are routine, and lead to unwarranted searches and arrests without probable cause.” Their review of 145 randomly-sampled arrest and investigative reports confirmed a pattern of unlawful conduct, not different from the arrest herein.

. In Terry v. Ohio, the United States Supreme Court first recognized that “a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.” 392 U.S. at 22, 88 S.Ct. at 1880.

. Investigation of the New Orleans Police Department, U.S. Department of Justice, Civil Rights Division, (March 16, 2011). A copy can be found on the U.S. Department of Justice website: www.justice.gov/crt/about/spl/ nopd_report.pdf