PER CURIAM.
1 iGranted; stay lifted. The ruling of the trial court granting the motion to suppress and finding no probable cause is reversed and this case is remanded for further proceedings.
Although the narcotics officer did not actually see an object being passed between defendant and - another individual *396 who had just driven into the parking lot where the officer had made numerous drug arrests, under the totality of the circumstances, the officer still held a reasonable belief that a hand-to-hand drug transaction occurred. See State v. Fearheiley, 08-0307, pp. 1-3 (La.4/18/08), 979 So.2d 487, 488-489 (La.2008) (finding sufficient justification for an investigatory stop when “the police officer observed the independent, yet complementary and simultaneous actions by two parties” who displayed “no apparent purpose ... other than facilitating the brief exchange” and the officer drew upon his experience in narcotics investigations, which “had taught him, that in the narcotics trade, ‘when it’s done outside, it’s done very fast from one hand to the next.’ ”).
Because police were justified in stopping the defendant, it was constitutionally permissible for the police to retrieve contraband in plain view, in this case, the “blunt” protruding from the lid of a cup just inside defendant’s vehicle. Police may seize evidence under the “plain view” doctrine when: 1) there is prior justification for police to be at the place where the evidence can be viewed, 12and 2) it is immediately apparent, without close inspection, that the items seized are evidence or contraband. See Horton v. California, 496 U.S. 128, 135-136, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Although in the hearing on the motion to suppress the defense labored at length to suggest that the “blunt” containing marijuana may have appeared similar to a cigar containing tobacco, the Supreme Court has rejected “that the officer must be possessed of near certainty as to the seizable nature of the items” and the Court has similarly rejected that the officer must “know” before seizing an item that the item contained contraband. Texas v. Brown, 460 U.S. 730, 741-742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion). Instead, a seizure is reasonable under the “plain view” doctrine if the officer has probable cause to believe the item seized was associated with criminal activity. Id. at 742, 103 S.Ct. 1535. See also Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347, (1987) (search and seizure of stolen stereo equipment would have been justified under plain view doctrine following police entry into apartment to look for person firing bullet into adjacent apartment, “if [police] had probable cause to believe” — not merely a reasonable suspicion — that the stereo equipment was stolen).
Because the probable cause analysis accounts for the totality of the circumstances, including, here, the narcotics officer’s experience and the furtive movements of defendant as police approached the defendant’s vehicle (see State v. Kirton, 2011-1201 pp. 1-2 (La.6/24/11), 66 So.3d 431, 432 (La.2011)), it was reasonable for police to believe that the “blunt” was associated with the hand-to-hand transaction the narcotics officer witnessed moments before. See Fearheiley, 08-0307, pp. 1-3, 979 So.2d at 488-489. Thus, police acted within constitutional limits in seizing the “blunt” and arresting the defendant for possession of marijuana. The additional drugs found on the defendant’s person were properly seized by police as part of a search incidental to the defendant’s arrest. See State v. Surtain, 2009-1835 pp. 12-13 (La.3/16/10), 31 So.3d 1037, 1046-1047.