BONIN, J.,
Concurs with Additional Reasons.
|TI concur.
Mr. Anderson’s argument is rooted in the proposition that the seizure of Mr. Lea was unlawful. The police, however, had probable cause to arrest Mr. Lea and, thus, effectuated a lawful seizure. Therefore, Mr. Anderson’s argument regarding the exclusion of statements made by Mr. Lea as fruit of the poisonous tree growing from this claimed unlawful seizure is groundless.
About five days prior to Mr. Lea’s arrest by Sergeant Castellón, Detective Hinrichs observed an informant perform a controlled purchase of illegal narcotics from Mr. Lea. This formed the basis for the issuance of a search warrant for Mr. Lea’s home. It was in preparation for the execution of this search warrant that Sergeant Castellón arrested Mr. Lea while he was driving blocks away from his home. This arrest was simply too attenuated from the execution of the search warrant to have occurred as “incident thereto.” As a result, we must determine whether independent probable cause existed to arrest Mr. Lea. See Bailey v. United States, — U.S. -, 133 S.Ct. 1031, 1043, 185 L.Ed.2d 19 (2013) (maintaining the important line visa-vis execution of search warrants and detentions incident thereto, but explicitly recognizing that arrests (or detentions) may still be justified, necessarily, under other well-recognized exceptions to the warrant requirement).
12In our de novo determination that probable cause existed to arrest Mr. Lea, we note the following. First, Detective Hinrich’s subjective belief that he was arresting Mr. Lea in connection with the execution of the search warrant is irrelevant to our review of whether the police had probable cause to arrest. See Whren v. U.S., 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Waters, 00-0356, p. 4 (La.3/12/01), 780 So.2d 1053, 1056 (stating that our review of whether probable cause existed to arrest “is a purely objective one that does not take into account the subjective beliefs or expectations of the detaining officer”).
Second, the fact that the police waited five days after they had probable cause to arrest Mr. Lea is also inconsequential as the “[pjolice are not required to arrest an individual at the point at which probable cause for arrest arises.” State v. Kirk, 00-0190, p. 5 (La.App. 4 Cir. 11/13/02), 833 So.2d 418, 423. See also State v. Coleman, 412 So.2d 532, 536 (La.1982); U.S. v. Watson, 423 U.S. 411, 451-452, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (discussing timeliness in the execution of search and arrest warrants after the formation of probable cause).
Third, our review of whether probable cause existed at the time of this arrest is “based on an assessment of the collective knowledge possessed by all of the police involved in the investigation.” State v. Pratt, 08-1819, pp. 1-2 (La.9/4/09), 16 So.3d 1163, 1164-1165; State v. Surtain, 09-1835, p. 11 (La.3/16/10), 31 So.3d 1037, 1046. Here, Detective Hinrich’s knowledge of Mr. Lea’s prior illicit activity formed the basis of the probable cause justifying Sergeant Castellon’s arrest of Mr. Lea.