JENKINS, J.,
dissents and assigns reasons.
|J would grant the State’s writ application and reverse the trial court’s October 16, 2015 finding of no probable cause and suppression of the evidence.
The trial court errecl by suppressing-the cocaine and then.finding no probable cause to hold the defendant on that charge. The officer could search the vehicle because he had probable cause to believe it contained contraband. See Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); State v. Kirton, 2011-1201 (La.6/24/11), 66 So.3d 431; State v. Caliste, 2012-1548 (La.App. 4 Cir. 6/14/13), 131 So.3d 902; State, v. Meyers, 2011-1145 (La. App. 4 Cir. 9/19/12), 100 So.3d 938. The trial court acknowledged the officer’s right to search.under this exception, but it found that once the officer retrieved what he believed to be marijuana, he had no reason to think there were any more drugs in the car. However, the officer also saw the pills lying loose on the console; this and the odor of marijuana emanating from the vehicle would have given him probable cause tp believe that the vehicle contained more drugs, thereby justifying his search of the vehicle.
The defendant ai-gues that the factual findings of the trial court should not be disturbed, and he is correct. However, the *693 court’s ruling was based on its conclusion that the officer’s probable cause ended when he seized the cigars, which is a legal conclusion, not a factual finding. , The odor of the marijuana and the presence of the loose pills gave the officer probable cause to believe there were other drugs in the vehicle.