DRAKE, J.
I {.The State charged the defendant, Shar-rell Williams, by bill of information with possession with intent to distribute a schedule I controlled dangerous substance (marijuana), a violation of La. R.S. 40:966(A)(1). He pled not guilty and filed a motion to suppress, which the trial court denied; Subsequently, the defendant withdrew his former plea and entered a plea of nolo contendere, reserving-his right to appeal the denial of-his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to imprisonment for seven years at hard labor. Defendant now appeals, alleging a single assignment of error related to the denial of his motion to suppress. For the following reasons, we affirm the defendant’s conviction and sentence.

FACTS

Because the defendant pled nolo conten-dere, the facts of his offense were - not developed at a trial. The facts below are taken from the hearing on the defendant’s motion to suppress. '
On August 20, 2014, Livingston Parish Sheriffs Deputy Brandon Ashford received information from Captain Ben Bourgeois that a confidential informant had provided information .regarding Shar-rell Williams being in. possession of. marijuana at 26484 Haynes Settlement Road in *820 Springfield. Deputy Ashford arrived at the address, which apparently contained both a residence and a “sweet shop.” Deputy Ashford described the sweet shop as a building, open to the public, from which the defendant sold chips, candies, other snack foods, and drinks. Upon arriving at the sweet shop, Deputy Ashford approached the open door, knocked and announced his presence, and looked inside. From outside the shop, Deputy Ashford saw the defendant sitting with a plastic bowl in his lap. Hei noticed that the bowl contained a quantity of marijuana and also saw what appeared to be ^several baggies of marijuana on the countertop near where the defendant was sitting.
Having seen-evidence of the defendant’s marijuana, possession, Deputy Ashford advised- the defendant, of his Miranda[1] rights and informed him that he was going to be- placed under arrest. Deputy Ash-ford, then asked the defendant whether he wanted to cooperate with the investigation by signing a eonsent-to-search form. Defendant elected to- sign the form. Following the defendant’s consent, Deputy Ash-ford directed-him to empty his pockets. Defendant complied, and Deputy Ashford retrieved ten baggies of marijuana and some currency. Searching the sweet shop, Deputy Ashford recovered a blender containing ground up marijuana; some small, empty baggies matching those which had already been recovered with marijuana inside; and a digital .scale. .Defendant claimed full responsibility for, and ownership of, all contraband located on the property.

MOTION TO SUPPRESS

In his sole assignment of error, the defendant argues that the trial court erred in denyirig his motion to suppress. Defendant contends that because- Deputy Ash-ford entered the premises without a search warrant or probable cause, all evidence-including his statements-should be suppressed.
 Trial courts are vested with great discretion when ruling on a motion to suppress. State v. Long, 2003-2592 (La.9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005). When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion, i e., unless such rüíing is not supported by the5 evidence. See State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 280-81. However, a trial court’s legal findings are subject to a de novo standard of review. See State v. Hunt, 2009-1589 (La.12/1/09), 25 So.3d 746, 751.

Seizure of Evidence

The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana State Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a' search or seizure conducted without a warrant issued upon probable causé is constitutionally prohibited. Once a "defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the state to affirmatively *821 show it was justified under one- of the narrow exceptions to the rule requiring- a search warrant. See La. C.Cr.P. art. 703(D); State v. Young, 2006-0234. (La.App. 1 Cir. 9/15/06), 943 So.2d 1118, 1122, writ denied, 2006-2488 (La.5/4/07), 956 So.2d 606.
Under the “plain view” doctrine* if police are lawfully in a position from which they view an object that -has ah incriminating nature which is immediately apparent, and if; the officers have a lawful right of access to the object, they may seize it without a warrant. See Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2307-08, 110 L.Ed.2d 112 (1990). A seizure is reasonable under the “plain view” doctrine if the officer has probable cause to believe the item seized was associated with criminal activity. State v. Bush, 2012-0720 (La.6/1/12), 90 So.3d 395, 396 (per curiam).
In the instant ease, Deputy Ashford approached the doorway of the defendant’s sweet shop -because of a report of criminal activity from a confidential' informant. While Deputy Ashford testified that this building is approximately 30 feet from the street, it is not obstructed by a fence or any other object. Further, Deputy Ash-ford’s uncontroverted testimony reveals while the property might also contain the defendant’s residence,' this particular sweet shop was a separate. | ^structure that the defendant held open to the public for means of doing business. Deputy Ashford had the same right as other members of the public to approach the doorway and see what was exposed by the ownér to the view of the general populace. See State v. Dixon, 391 So.2d 836, 838 (La.1980). When he approached the open door of the sweet shop and saw defendant possessing marijuana, Deputy Ashford was lawfully in a position where he could view an object that had an incriminating nature which was immediately apparent. See Horton, 496 U.S. at 136-37, 110 S.Ct. at 2307-08. Therefore, Deputy Ashford was entitled to seize the evidence in plain view- without a warrant and to arrest the. defendant without a warrant based; on, probable . cause that he had committed a crime. See La. C.Cr.P. art. 213(A)(1).
 Following his arrest, defendant also consented ¡to a further search of himself and the sweet , shop. A valid consent search is another exception to the warrant requirement. See United States v. Matlock 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). A consent to search is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship. to the premises or effects sought to be inspected. Matlock, 415 U.S. at 171 n. 7, 94 S.Ct. at 993 n. 7. The state bears the burden of proving that the consent has been freely and voluntarily, given. State v. Owen, 453 So.2d 1202, 1206 (La.1984); State v. Dawson, 2014-0326 (La.App. 1 Cir. 9/24/14), 154 So.3d 574, 577, writ denied, 2014-2212 (La.8/28/15), 175 So.3d 411. Whether a defendant was under arrest at the time of the consent is a factor to be, considered in determining whether he voluntarily consented to .the search. Custody itself does not render the.consent involuntary. See State v. Bourgeois, 388 So.2d 359, 362-63 (La.1980).
Here/the defendant was under arrest at the timé he executed a consent to search. Nonetheless, the defendant signed a consent-to-search form and, by Deputy Ash-ford’s account, fully cooperated with the investigation. Deféndant did Rnot dispute any of this testimony. Consequently, the State sufficiently proved that the. defendant freely and voluntarily consented to a *822 search of his' person and property.[2] Therefore, the remaining evidence was lawfully seized pursuant to a validly executed consent to search. -

Defendant’s Statement

The state bears' the burden of proving the admissibility of a purported confession. La.C.Cr.P. art. 703(D). Louisiana Revised Statutes 15:451 provides that, before a purported confession can be introduced in evidence, it must be affirmatively shown to be free and voluntary and not made under the influence of fear, duress, inthnidation, menaces, threats, inducements, or promises. It must also be established that an accused who makes a confession during custodial interrogation was first advised of his/her Miranda rights. State v. Plain, 99-1112 (La.App. 1 Cir. 2/18/00), 752 So.2d 337, 342.
Whether a showing of volun-tariness has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case. State v. Benoit, 440 So.2d 129, 131 (La.1983). The trial court must consider the totality of the circumstances in deciding whether a confession is admissible. State v. Hernandez, 432 So.2d 350, 352 (La.App. 1st Cir.1983). Testimony of the interviewing police officer alone may be Sufficient to prove a defendant’s statements were freely and voluntarily given. State v. Maten, 2004-1718 (La.App.Cir.3/24/05), 899 So.2d 711, 721, writ denied, 2005-1570 (La.1/27/06), 922 So.2d 544.
Defendant was informed of his Miranda rights at the time he was placed under arrest and then made his subsequent statements claiming full responsibility. On appeal, the defendant does not argue that his confession was not freely or |7voluntarily given, or that it was made under the influence of-fear,-duress, intimidation, menaces, threats, inducements, or promises. Rather, he argues that Deputy Ashford' secured the confession only after an illegal, warrantless search and seizure. However, as discussed above, there-was nothing unlawful about Deputy Ashford’s initial actions, his arrest of the defendant, or his subsequent search of defendant and the sweet shop. - Therefore, these same arguments are not a valid ground for suppression of the defendant’s ¡confession.
The trial court properly denied the defendant’s’motion to suppress. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. Prior to any questioning, the person must be warned that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of-an attorney, either retained -or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly, and intelligently. Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

. We note that while defendant apparently consented to a search of his person, Deputy Ashford also had the right to search the defendant’s person incident to arrest. See State v. Surtain, 2009-1835 (La.3/16/10), 31 So.3d 1037, 1043.