PER CURIAM.
 
 *
 

 |T Finding the Court of Appeal erred in ruling the anonymous tip failed to generate reasonable suspicion for the officers’ investigatory detention of defendant, Reginald Aites, we grant this writ to reverse the judgment of the Court of Appeal and to reinstate the District Court’s judgment.
 

 On June 11, 2009, a Port Allen home was burglarized at which time a Browning Belgium shotgun, two watches, $8000, and liquor were stolen. Later that evening, the Chief of Police for the City of Port Allen received an anonymous tip, telling him at the location of 822 Avenue A, Apartment # 4 in Port Allen, he could find two young males and stolen items of the burglary. One of the young males admitted committing the burglary to the anonymous tipster.
 
 [1]
 

 Four officers then went to the apartment complex where defendant and another young male were standing outside. While the apartment was searched with the resident’s consent, defendant remained outside in the presence of Officer Arcen-eaux, who testified at the suppression hearing defendant was free to leave.
 
 [2]
 
 Nothing was recovered inside the apartment; however, a shotgun wrapped in a black floor mat type of carpet was located outside behind the apartment.
 

 Defendant was then transported to the police department whereupon he was ad
 
 *994
 
 vised of his rights and gave a full confession to the burglary after executing a written waiver of rights. He subsequently filed a motion to suppress the seizure of his person and all subsequent confessions as product of an unlawful detention.
 

 The District Court denied the motion, and the Court of Appeal, First Circuit granted writ, finding the officers lacked reasonable suspicion to detain defendant based on the anonymous tip.
 
 State v. Aites,
 
 10-229 (La.App. 1 Cir. 2/19/10), - So.3d -.
 

 Although the tip in this case conveyed some general information, like the fact two black men were standing outside an apartment complex, it also conveyed defendant’s admission of the burglary to the anonymous tipster, which had occurred earlier that same day, and predicted the police could find items taken in the offense inside the residence. Though the tip was slightly off, the police did find the shotgun outside behind the apartment. At that point in time, the police had a reasonable basis for believing the anonymous tipster was in fact reliable and, based upon the totality of the circumstances, had probable cause to arrest defendant.
 
 See Alabama v. White,
 
 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).
 

 Moreover, the evidence in the present case clearly establishes defendant was not detained during the search of the apartment because he was free to leave at that time. Significantly, the officers did not detain defendant until after they conducted the search, which produced the stolen shotgun. Therefore, because the officers had already corroborated the tip when defendant was detained and, consequently, had probable cause to arrest him, we find defendant’s Fourth Amendment rights were observed, and the District Court properly denied the motion to suppress. Accordingly, we reverse the judgment of the Court of Appeal and reinstated the District Court’s judgment, denying defendant’s motion to suppress.
 

 REVERSED and REMANDED TO DISTRICT COURT.
 

 *
 

 Kimball, C J., did not participate in the deliberation of this opinion.
 

 [1]
 

 . At the motion hearing, Lt. Eric Frank, an investigating officer, testified: "Because we had received an anonymous tip that he and another juvenile were located at these apartments on Avenue A, and that that — he had obtained some information from him where he admitted to the burglary, and that evidence of the burglary was at this location.”
 

 [2]
 

 . Lt. Frank testified defendant was detained while he and the Chief searched the apartment.