PER CURIAM.*
11While the courts below properly noted that merely being a passenger in a vehicle does not itself provide probable cause to believe the passenger is involved in the driver’s suspected drug activities, the courts overlooked that police can — and did here — have additionally known information providing probable cause to arrest the passenger.
It is well established that the test for probable cause draws upon the totality of the circumstances. State v. Aites, 2010-0667 (La.5/28/10), 37 So.3d 993, 994. A review of the record here shows that the hand-to-hand transaction witnessed by police provided probable cause to believe that an unlawful drug transaction had occurred. Moreover, this transaction confirmed the officer’s suspicion that the vehicle was trolling for drug buyers in the hotel parking lots. The fact that the police had observed this transaction after the vehicle had slowly made its way through not one, but two, hotel parking lots known for drug trafficking supported the officer’s belief that Mr. Smith was involved in the drug dealing, instead of being merely a passenger along for the ride.
|aThe belief that Mr. Smith was involved was also supported by the fact that during the hand-to-hand transaction, the rear passenger passed what appeared to be currency into the front of the passenger compartment where Mr. Smith was seated. Even though the officer could not see whether the apparent currency was accepted by the driver, by Mr. Smith, or by both of them, does not detract from the other circumstances adding up to probable cause that Mr. Smith was involved in an illegal drug deal. See State v. Nine, 315 So.2d 667, 673 (La.1975) (even though officer could not see which occupant of house threw bags of marijuana onto ground, it was not unreasonable for officer to conclude from surrounding circumstances that all occupants of house engaged in possession of marijuana).
The rulings of the courts below, suppressing this evidence, are reversed and the defendant’s motion to suppress is denied. The matter is remanded to the district court for further proceedings.
WRIT GRANTED. STAY DENIED AS MOOT.

 Kimball, C.J. not participating in the decision.