BELSOME, J.,
dissent with reasons.
hi respectfully dissent from the majority opinion, as it relates to the warrantless search and seizure of evidence. Since the search did not fall under any exceptions to the warrant requirement the evidence was inadmissible.[1] Therefore, I find it was error to deny the motion to suppress.
The majority opinion finds that there was probable cause for arrest, which would warrant an incidental search. I disagree. I acknowledge that pursuant to a lawful arrest, the officer may lawfully conduct a full search of the arrestee and the area within his immediate control for weapons and for evidence of a crime. State v. Morgan, 445 So.2d 50, 51 (La.App. 4 Cir. 1984). Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d 1147 (La.App. 1 Cir.1992).
According to the testimony,[2] Detective Travis Brooks was conducting undercover surveillance in the 2200 of St. Anthony Street with a team of officers, |2including Detective Todd Durel, due to an influx of armed robberies and burglaries in the area. Approximately twenty minutes into the surveillance, Detective Brooks observed what he believed to be hand-to-hand transaction at 2221 St. Anthony Street. In particular, he observed Mr. Alfred Jones emerge from the home, then Mr. Gayton approached and gave Mr. Jones currency in exchange for an unknown object. After placing the object in his left pocket, Mr. Gayton left the scene. Meanwhile, Detective Brooks notified Detective Durel, who stopped Mr. Gayton outside of a convenience store. Detective Durel stopped Mr. Gayton, notified him he was under investigation for a possible narcotics violation, and conducted a patdown search. Detective Durel felt a small object in his left pocket and a cylindrical object in his right pocket. Through his knowledge and experience as a police officer, Detective Durel believed the small object to be contraband, and the cylindrical object to be a crack pipe.
The majority cites to State v. Smith, 11-312, p. 1 (La.2/21/11), 56 So.3d 232, and State v. Surtain, 09-1835, p. 12 (La.3/16/10), 31 So.3d 1037, 1046, in support of its conclusion that probable cause to arrest Gayton existed. However, these cases are distinguishable in that the facts *750 involved more than an apparent hand-to-hand transaction, in which an unknown object is exchanged for currency. In both Smith and Surtain, the hand-to-hand transactions were observed in areas known for drug trafficking. There is no such evidence regarding the neighborhood in the instant case. Also, in Surtain, supra, one officer observed the defendant tie off a clear plastic bag in a manner consistent with narcotics trafficking. The bag contained a white substance, which the officer knew to be cocaine. In the instant case, Detective Brooks could not identify the object that'Mr. Jones exchanged with Mr. Gayton, and, without more, probable cause for arrest did not exist. Thus, the search was not one incidental to arrest.
|o!n addition, the State argues that the warrantless search was justified under the “plain feel exception,” when the officer felt the drugs during a weapons frisk. Conversely, Mr. Gayton argues that the pat-down search was for drugs, thus it was unlawful. I agree.
Article 1, Section 5 of the Louisiana Constitution of 1974 and the Fourth Amendment to the United States Constitution protect individuals from unreasonable searches and seizures. A search conducted without a warrant is per se unreasonable under the Fourth Amendment to the United States Constitution, subject only to a “few specifically established and well-delineated exceptions.” Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). One such exception was recognized in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which allows an officer to perform an investigative stop where there is reasonable suspicion to be believe that the individual has committed or is about to commit a crime. Id. at 24, 88 S.Ct. at 1881; See also La.C.Cr.P. art. 215.1(A). In determining whether reasonable suspicion exists for investigatory stop, reviewing court must consider circumstances known to police collectively, not on separate, individual basis. State v. Huntley, 97-965, p. 1 (La.3/13/98), 708 So.2d 1048, 1049. Although Detective Durel did not have probable cause to arrest Mr. Gayton, Detective Brooks’ observation of what he believed to be a hand-to-hand drug transaction gave Detective Durel reasonable suspicion to believe that a crime had just been committed to warrant a Terry stop.
If a law enforcement officer has legally stopped a person pursuant to La. C. Cr. P. Art. 215.1(A), the officer may frisk the outer clothing of the person if the officer reasonably suspects that he. is in danger. La.C.Cr.P. art. 215.1(B). If the officer reasonably suspects that the person possesses a dangerous weapon, he may search the person. Id. To frisk a person who has been detained, there must be some basis for fear for the officer’s safety or fear that the suspect is armed. State v. James, 07-1104, p. 6 (La.App. 4 Cir. 3/5/08), 980 So.2d 750, 754. “The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger.” Id.
Detective Durel has never testified that he was performing a weapons frisk on Mr. Gayton, nor has he articulated any basis for the belief that his safety was at risk. In fact, on cross-examination at trial, the officer honestly admitted that the pat-down search was for drugs.[3] This type of search is precisely what the Fourth *751 Amendment is intended to prevent. Under these circumstances, the search was not lawful.
Without probable cause for arrest to substantiate an incidental search or a reasonable suspicion of danger to substantiate a weapons frisk, there is no basis for a warrantless search, thus the trial court abused its discretion in denying the defendant’s motion to suppress the evidence. Since the evidence surely contributed to the verdict, I would reverse and remand. For these reasons, I dissent from the majority opinion.

. The pertinent exceptions are the search incidental to arrest and "plain feel” exceptions. See United States v. Robinson, 414 U.S. 218, 224, 94 S.Ct. 467, 471, 38 L.Ed.2d 427 (1973) (search incident to a lawful custodial arrest is a limited exception to the constitutional prohibition of warrantless searches); and Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (evidence discovered during a lawful investigatory frisk may be seized under the "plain feel” exception to the warrant requirement).

. The testimony was elicited at the probable cause and motion to suppress hearing.

. In reviewing a trial court’s ruling on a motion to suppress, an appellate court is not limited to evidence adduced at the hearing on the motion to suppress; it may also consider any pertinent evidence given at trial of the case. State v. Craft, 03-1852, p. 5 (La.App. 4 Cir. 3/10/04), 870 So.2d 359, 363.